UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAROLD GAILEGO and NICHOLAS FERRANDINO, individually and on behalf of all other persons similarly situated,<br><br>　　　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　　　-against-<br><br>THE CITY OF NEW YORK,<br><br>　　　　　　　　　　　　　　　　　　Defendant. | CIVIL ACTION<br>CASE NO: 18-cv-5234<br><br>**ACTION UNDER<br>29 U.S.C. § 203** *et seq.*<br><br>**COMPLAINT** |

Named Plaintiffs, HAROLD GAILEGO and NICHOLAS FERRANDINO, individually and on behalf of all other persons similarly situated (collectively "Plaintiffs") employees currently or formerly employed by Defendant, by and through their attorneys, Virginia & Ambinder, LLP, allege as follows:

## PARTIES

1.　Named Plaintiff Harold Gailego is a resident of the State of New York. Named Plaintiff Gailego is a member of the New York City Patrolmen's Benevolent Association and was employed by Defendant as a police officer from approximately 1997 to August 2017, most recently at the NPYD Queens Central Booking Unit.

2.　Named Plaintiff Nicholas Ferrandino is a resident of the State of New York. Named Plaintiff Ferrandino is a member of the New York City Patrolmen's Benevolent Association and was employed by Defendant as a police officer from approximately 1997 to April 2016, most recently at the NYPD Queens Central Booking Unit.

3.　Defendant, The City of New York, is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York, and is a judicial entity

amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

4.   Defendant, The City of New York, is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x).

5.   Pursuant to N.Y.C. Charter § 396, the City of New York is the proper Defendant in this action.

## JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction over the claims in this action, pursuant to the provisions of 28 U.S.C. §§ 1331, 1337, and 1343.

7.   This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA, pursuant to 29 U.S.C. § 216(b).

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant's principal place of business is in this district.

9.   The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## NATURE OF ACTION

10. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) to recover liquidated damages for delayed payments of overtime wages, as well as to recover earned but unpaid overtime compensation owed to the Named Plaintiffs and members of the Putative Collective for services performed while employed by Defendant.

11. Upon information and believe, Plaintiffs and others similarly situated constitute "employees" subject to the protection of the Fair Labor Standards Act.

12. Upon information and believe, Defendant constitutes an "employer" subject to the requirements of the Fair Labor Standards Act.

13. Beginning in approximately June of 2015 and continuing to the present, Defendant engaged in a policy and practice of failing to pay Plaintiffs and all others similarly situated all overtime wages earned in the pay period immediately following the overtime work performed, and delaying those payments to later pay periods.

14. Beginning in approximately June of 2015 and continuing to the present, Defendant engaged in a policy and practice of failing to pay overtime at the proper rate for hours worked in excess of forty (40) hours per week.

15. The Named Plaintiffs have initiated this action on behalf of themselves and all persons similarly situated to recover unpaid overtime, as well as damages for the overtime that they were deprived of timely payment for, including liquidated damages, interest, attorneys' fees, and costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

17. This action is brought on behalf of Plaintiffs and a putative collective consisting of similarly situated employees who performed work or have worked for Defendant under the New York City Police Department at any time since June of 2015 to the entry of judgment in this case, who were non-exempt employees within the meaning of the FLSA and who were not paid the proper rate of overtime or who were not timely paid overtime for work performed (the "Putative Collective").

18. Plaintiffs and the Putative Collective were non-exempt employees eligible to be paid overtime compensation for those hours worked over forty (40) in a week.

19. Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA by failing to pay the proper overtime rate at the rate of one and one half times the regular rate of pay, and for failing to timely provide payment for overtime for all time worked in excess of forty (40) hours in any given week pursuant to 29 U.S.C. § 207.

20. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and members of the Putative Collective. This policy and pattern or practice includes willfully failing to pay Plaintiffs overtime at a rate of one and one half times the regular rate of pay, and failing to timely pay Plaintiffs and members of the putative collective overtime wages for hours that they worked in excess of 40 hours per workweek.

21. Plaintiffs and members of the Putative Collective were all employed by Defendant.

22. Upon information and belief, Defendant uniformly applied the same payment policies, practices, and procedures to all members of the Putative Collective.

23. The Putative Collective is so numerous that joinder of all members is impracticable. Although the precise number of Putative Collective members is unknown, upon information and belief, the size of the Putative Collective is believed to be in excess of 100 individuals. In addition, the names of all potential members of the Putative Collective are not known.

24. The questions of law and fact common to the Putative Collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: whether Defendant employed Plaintiffs within the meaning of the FLSA; whether

Defendant failed to timely pay the Plaintiffs and members of the Putative Collective their earned overtime wages, at the rate of one and one half the times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; whether Defendant's violations of the FLSA are willful as that term is used within the meaning of the FLSA; whether Defendant is liable for all damages claimed hereunder including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; whether Defendant engaged in a policy and practice of delaying payment of overtime wages beyond the Plaintiffs' regular paydates; and whether Defendant should be enjoined from such violations of the FLSA in the future.

25. The claims of Plaintiffs are typical of the claims of the Putative Collective.

26. The Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

27. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the Putative Collective lack the financial resources to adequately prosecute separate lawsuits against Defendant. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies and practices.

## FACTS

28. Pursuant to the FLSA, 29 U.S.C. § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives overtime compensation for

their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

30. Plaintiffs and other similarly situated employees are members of the New York City Patrolmen's Benevolent Association and are or have been employed by Defendant as police officers at times between June 2015 and the present.

31. Plaintiffs and other members of the Putative Collective are "employees," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

32. Defendant is an "employer," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, are liable for violations of the FLSA.

33. Named Plaintiff Gailego worked for Defendant as a police officer from approximately 1997 to August 2017.

34. Named Plaintiff Gailego did not receive his overtime payments for all hours he worked over forty (40) in a week on his regularly scheduled payday after the work was performed.

35. Named Plaintiff Gailego did not receive overtime payments at time and one-half his regular rate of pay.

36. Named Plaintiff Ferrandino worked for Defendant as a police officer from approximately 1994 to April 2017.

37. Named Plaintiff Ferrandino did not receive his overtime payments for all hours he worked over forty (40) in a week on his regularly scheduled payday after the work was performed.

38. Named Plaintiff Ferrandino did not receive overtime payments at time and one-half his regular rate of pay.

39. Defendant has engaged in a pattern and practice of failing to ensure that Plaintiffs and others similarly situated received overtime payment for all hours worked over forty (40) in any given week, on the regularly scheduled payday after the work was performed.

40. Defendant's policy and practice towards Named Plaintiffs and others similarly situated is to pay Plaintiffs overtime and other wages in paychecks issued after those issued immediately after the work was performed, resulting in damages to the Named Plaintiffs and others similarly situated.

41. Upon information and belief, the correct amount of overtime compensation can be determined for each work period before the scheduled payday for that work period.

42. In addition to their base hourly pay rate, Plaintiffs also receive additional monies as part of their regular rate of pay, including, but not limited to, pro-rata differentials for longevity pay after a certain amount of years of service, in addition to other differentials.

43. However, Plaintiffs' overtime rates do not take into consideration any of the additional monies that Plaintiffs receive as part of the regular rate of pay.

44. For example, upon information and belief, Plaintiffs' overtime rates are based on their incumbent base rate and do not take into consideration their additional monies, such as their longevity differential.

45. Accordingly, Plaintiffs' overtime rates are miscalculated, and Plaintiffs are not compensated at the rate of one and one half times their regular rate of pay after the first forty (40) hours worked in a week.

46. Throughout the relevant period, Defendant has undertaken a willful policy and practice of

violating the FLSA by failing to pay Plaintiffs overtime compensation at their regular rate of pay and failing to pay Plaintiffs overtime compensation at their regular rate of pay, which includes additional monies such as differentials for longevity.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT: DELAYED OVERTIME WAGE PAYMENTS**

47. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

48. Defendant has repeatedly engaged in a pattern and practice of failing to pay Plaintiffs all wages owed during the regular pay period in which the work was performed.

49. Pursuant to 29 U.S.C. § 778.106, "overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends."

50. Defendant has violated the Fair Labor Standards Act by failing to pay overtime wages and other wages to Plaintiffs on the next scheduled payday after the work was performed.

51. Defendant's violation was willful.

52. The failure of Defendant to pay Plaintiffs and members of the Putative Collective their rightfully owed overtime compensation in a timely manner as required by the Fair Labor Standards Act and its implementing regulations was willful.

53. By the foregoing reasons, Defendant is liable to Plaintiffs and members of the Putative Collective in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages owed each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT: INCORRECT OVERTIME RATE**

54. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs

55. Defendant has repeatedly engaged in a pattern and practice of failing to pay Plaintiffs and

other members of the Putative Collective all earned overtime wages, at the rate of one and one half times the regular rate of pay.

56. Pursuant to 29 C.F.R. § 778.209, "[w]here a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation."

57. Differentials such as longevity pay constitute bonus payments within the regular rate of pay, as defined in the FLSA, its implementing regulations, and the cases interpreting same.

58. Defendant has violated the FLSA by failing to pay Plaintiffs and other members of the Putative Collective all earned overtime wages, at the rate of one and one-half times their regular rate of pay, in weeks during which they worked over forty (40) hours.

59. The failure of Defendant to pay Plaintiffs and members of the Putative Collective their rightfully owed overtime compensation was willful.

60. By the foregoing reasons, Defendant is liable to Plaintiffs and members of the Putative Collective in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**WHEREFORE**, the Plaintiffs demand judgment:

(1)     on their first cause of action, in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages earned but not timely paid each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs; and

(2)     on their second cause of action, in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages and owed each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs; and

(3)     any other and further relief the Court may deem appropriate.


Dated:  New York, New York
        June 11, 2018

                              VIRGINIA & AMBINDER, LLP


                              By: _____/s/_____
                              Lloyd R. Ambinder, Esq.
                              James E. Murphy, Esq.
                              40 Broad Street, 7th Floor
                              New York, New York 10004
                              (212) 943-9080
                              *Attorneys Plaintiffs and the Putative Collective*