

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
**James E. Murphy, Esq.**
jmurphy@vandallp.com

September 10, 2018

**VIA ECF**
Honorable John G. Koeltl
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Gailego, et al. v. City of New York*, Dkt No.: 18-cv-05234 (JGK)

Dear Judge Koeltl:

    This firm represents Named Plaintiffs and the putative collective in the above-referenced matter. I write to oppose Defendant's request for a pre-motion conference to address their anticipated motion to dismiss Plaintiffs' complaint for failure to state a claim. As set forth below, Defendant's request for a pre-motion conference should be denied because Plaintiffs' allegations are sufficient to withstand a motion to dismiss. Nevertheless, in an effort to avoid motion practice, should the Court find that the information set forth in Plaintiffs' complaint does not adequately apprise the Defendant of the nature of Plaintiffs' claims as required by Fed. R. Civ. P. 8(a)(2), the Plaintiffs respectfully request leave to amend their pleadings.

    **I.**    **Background**

    Plaintiffs are members of the New York City Patrolmen's Benevolent Association and were employed by the Defendant City of New York as police officers. Plaintiffs brought this action pursuant to the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. 207 and 216(b) to recover liquidated damages for delayed payments of overtime payments, as well as to recover earned but unpaid overtime compensation. Specifically, Plaintiffs allege that Defendant maintained a policy and practice of failing to pay Plaintiffs and all others similarly situated all overtime wages earned in the pay period immediately following the overtime work performed, and delaying those payments to later pay periods. They further allege that Defendant maintained a policy and practice of failing to pay them overtime at the correct rate of time and one-half their regular rate of pay. The rate at which they were paid overtime was based on their incumbent base rate and did not take into consideration additional monies, such as differentials, that ought to have been included. [*See* Plaintiff's Complaint, ECF Doc. No. 6, ¶¶ 13, 14, 42-43, 56-58].

    **II.**    **Legal Standard**

When presented with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a Court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See* Litwin v. Blackstone Grp., L.P., 634 F.3d 706, 715 (2d Cir. 2011). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…" Kaye v. Orange Reg'l Med. Ctr., 975 F. Supp. 2d 412, 417-18 (S.D.N.Y. 2013) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (quoting Twombly, 550 U.S. at 555). Plaintiffs must allege "only enough facts to state a claim to relief that is plausible on its face" to "nudge[] his or her claims across the line from conceivable to plausible…" Id. (quoting Twombly, 550 U.S. at 570); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). The United States Court of Appeals for the Second Circuit has made clear that the Supreme Court's decisions in Twombly and Iqbal did not "heighten the pleading requirements" imposed by Rule 8(a)(2). Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010). Plaintiffs' complaint satisfies the minimal pleading requirements set forth under Fed. R. Civ. P. 8(a)(2), which demands only a "short and plain statement of the claim showing that the pleader is entitled to relief."

### III.     Plaintiffs' Allegations are Sufficient to Withstand a Motion to Dismiss

Contrary to Defendant's contentions, Plaintiffs do allege facts supporting the claims that they worked more than forty hours in a given week and were entitled to shift differentials. Plaintiffs allege that Named Plaintiff Gailego, who worked for Defendant as a police officer from approximately 1997 to August 2017 [Plaintiff's Complaint, ¶ 33], did not receive his overtime payments for all hours he worked over forty (40) in a week on his regularly scheduled payday after the work was performed. [Id. at ¶ 34]. They also allege that he did not receive overtime payments at time and one-half his regular rate of pay which should have taken into account differentials, such as longevity pay. [Id. at ¶¶ 35, 42-43]. Plaintiffs likewise allege that Named Plaintiff Ferrandino, who worked for Defendant as a police officer from approximately 1994 to April 2017 [Id. at ¶ 36], did not receive his overtime payments for all hours he worked over forty (40) in a week on his regularly scheduled payday after the work was performed. [Id. at ¶ 37]. They also allege that he did not receive overtime payments at time and one-half his regular rate of pay which should have taken into account differentials, such as longevity pay. [Id. at ¶¶ 38, 42-43]. These factual allegations "nudge" Plaintiffs' claims across the line from "conceivable to plausible." Kaye, 975 F. Supp. 2d at 417-18 (quoting Twombly, 550 U.S. at 570). Taken together and accepted as true, Plaintiffs' allegations are more than sufficient to give the "defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 544. However, to the extent that the Court finds these allegations to be in any way deficient, Plaintiffs will amend to clarify and/or add additional factual allegations.

Defendant's citation to Edwards v. the City of New York, 2011 U.S. Dist. LEXIS 97134 (S.D.N.Y. August 26, 2011) does nothing to change this. Edwards is wholly inapplicable and does

not demonstrate that Plaintiffs' claims for delayed overtime must be dismissed as a matter of law. The decision in <u>Edwards</u>, which was rendered on a motion for summary judgment after the parties had an opportunity to conduct discovery, demonstrated that the defendants could not include overtime pay from plaintiffs' "anticipatory week" in the check from the regular gross period in which it was earned. This determination was made solely in reliance on the decision of the Court in <u>Parker v. City of New York</u>, 2008 U.S. Dist. LEXIS 38769 (S.D.N.Y. May 13, 2008). However, the <u>Parker</u> Court issued its summary judgment decision based on a detailed factual analysis of the methodology used by the City of New York to process and produce its biweekly payroll. In the decade that has passed since <u>Parker</u>, a number of computerized payroll advancements have occurred which, Plaintiffs contend, render the <u>Parker</u> Court's analysis of the City's payroll systems no longer correct. Delays that may have been considered "reasonable" in 2007 may no longer be considered "reasonable" in 2018, as a result of technological advancement and implementation of new payroll practices by the City. It is precisely these practices which Plaintiffs here are challenging, and which can only be resolved after discovery, rather than at the pleading stage.

Notably, on July 27, 2017, Judge Daniels denied the City of New York's motions to dismiss plaintiffs' overtime and delayed overtime payment claims in three similar actions brought pursuant to 29 U.S.C. §§ 207 and 216(b). <u>See</u> <u>Smyth v. City of New York</u>, No. 17-cv-0492 (GBD), Dkt. No. 34 (S.D.N.Y. July 27, 2017); <u>Kroustallis v. City of New York</u>, No. 16-cv-8421 (GBD), Dkt. No. 39 (S.D.N.Y. July 27, 2017); and <u>Henry v. City of New York</u>, No. 16-cv-9971 (GBD), Dkt. No. 48 (S.D.N.Y. July 27, 2017). These cases involve claims against the same Defendant, regarding identical policies and practices that allegedly violate the FLSA through paychecks issued by the City of New York's Office of Payroll Administration.

For the reasons set forth above, it is respectfully requested that the Court deny Defendant's request for a pre-motion conference. Alternatively, Plaintiffs respectfully request they be allowed to amend their complaint to provide additional or clarified allegations. Thank you for your attention to this matter.

                                                Respectfully submitted,

                                                _____/s/_____
                                                James E. Murphy

cc:    Leora R. Grushka (via ECF)