

**ZACHARY W. CARTER**
*Corporation Counsel*

T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small>
**L<small>AW</small> D<small>EPARTMENT</small>**
100 CHURCH STREET
NEW YORK, NY 10007

**CHRISTOPHER COYNE**
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-1180

July 8, 2019

**By ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>Gailego et al. v. City of New York</u>
                  18 Civ. 5234 (JGK)
                  Our No. 2018-046689

Dear Judge Koeltl:

       I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for Defendant in the above-referenced action. Defendant writes, on behalf of all parties, in response to the Court's Order, dated June 24, 2019 (Docket No. 39), which requested the parties submit a proposed settlement agreement, supporting affidavit, and letter explaining the reasonableness of a proposed settlement agreement.

       On January 1, 2019, plaintiffs filed the Second Amended Complaint ("SAC"), in response to defendant's request for a pre-motion conference seeking leave to file a motion to dismiss the prior operative complaint. Following the filing of the SAC, defendant informed plaintiffs that it intended to file a 12(c) motion to dismiss on the grounds that the purported delayed overtime payments were the result of retroactive wage increases following new collective bargaining agreements with plaintiffs' union. That is, that because the plaintiffs' salary was increased retroactively pursuant to these new contracts, the City also increased the overtime rate that these plaintiffs' received. Defendant then produced copies of the collective bargaining agreements, notices concerning the retroactive salary increases at issue, and an overview of how these retroactive payments were reflected in the payroll data defendants had previously produced to plaintiffs. Defendant also discussed plaintiffs' incorrect overtime rate claim and the SAC's references to certain figures on the pay stub documents defendant had previously produced.

       The parties then conferred concerning whether plaintiffs were maintaining their claims in this suit, and plaintiffs decided to voluntarily dismiss this case, without prejudice, pursuant to Rule 41(a)(1)(ii). <u>See</u> Stipulation of Dismissal, filed May 13, 2019 (Docket No. 38).

**HONORABLE JOHN G. KOELTL**
United States District Judge
<u>Gailego et al. v. City of New York</u>,
18 Civ. 5234 (JGK)
July 8, 2019
Page 2

As such, this case was voluntarily dismissed by the plaintiffs and not resolved through a settlement agreement, and the parties have not developed a proposed settlement agreement for the Court's review. Plaintiffs' counsel will not be receiving payments for any fees or costs with respect to this action, from Defendants, Plaintiffs, or any other source.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/
Christopher Coyne
Assistant Corporation Counsel

To:  James Murphy
     Lloyd Ambinder
     (By ECF)